## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DOMINIQUE LAMAR RIVERS (#544280)**         **CIVIL ACTION NO.**

**VERSUS**                                                                **19-372-JWD-SDJ**

**MARCUS JONES**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 28, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DOMINIQUE LAMAR RIVERS (#544280)**                    **CIVIL ACTION NO.**

**VERSUS**                                                                                **19-372-JWD-SDJ**

**MARCUS JONES**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss ("Motion")[1] filed on behalf of Defendant Marcus Jones. The Motion is opposed.[2] For the following reasons, the undersigned recommends the Motion be granted in part and denied in part.

### I.   Background

The *pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Marcus Jones ("Defendant"), alleging Defendant violated Plaintiff's right to be free from cruel and unusual punishment when Defendant used excessive force on Plaintiff as described hereafter.[3] On December 13, 2018, Plaintiff alleges that Defendant appeared at his cell and ordered Plaintiff to "come out of [his] clothes."[4] Plaintiff avers he obeyed the order, after which Defendant asked Plaintiff "What's your problem?"[5] Plaintiff proceeded to voice his concerns, including not having clean bed sheets and needing a hair cut. As Plaintiff was reciting his grievances, Defendant allegedly sprayed Plaintiff in the face with chemical agent and stated, "[e]verytime I got to come down here for something like this, this is gonna happen."[6] Plaintiff alleges he was compliant and

---

[1] R. Doc. 9.
[2] R. Doc. 12.
[3] R. Doc. 1.
[4] R. Doc. 1, p. 5.
[5] R. Doc. 1, p. 5.
[6] R. Doc. 1, p. 5.

did nothing to warrant any use of force.[7]  Plaintiff was also issued a disciplinary report by Jones and, as a result of the disciplinary report, was sentenced to a loss of phone and canteen privileges for twelve months; Plaintiff also had to pay for the chemical agent that was used on him.[8]  Plaintiff requests injunctive and monetary relief.[9]

## II.   Law and Analysis

### A.  Standard of Review

In *Bell Atlantic Corp. v. Twombly*,[10] and *Ashcroft v. Iqbal*,[11] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[12]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[15]  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[16]

---

[7] R. Doc. 1, p. 5.
[8] R. Doc. 1, p. 5.
[9] R. Doc. 1, p. 6.
[10] 550 U.S. 544 (2007).
[11] 556 U.S. 662 (2009).
[12] *Bell Atlantic Corp.* 550 U.S. at 555.
[13] *Ashcroft*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544.
[14] *Id.*
[15] *Id.* at 679.
[16] *Id.* at 678 (internal quotation marks omitted).

2

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."[17] Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[18] Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is entitled to relief."[19] The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[20] Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"[21] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[22]

### B. Plaintiff's Claims for Monetary Relief against Defendant in his Official Capacity are Barred by the Eleventh Amendment

Defendant first contends—correctly—that Plaintiff's claims for monetary relief against Defendant in his official capacity are barred. 42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.[23] In addition, in *Hafer v. Melo*,[24] the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit for monetary damages against a state official in an official capacity is treated as a suit against the

---

[17] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[18] *Id.* (citation omitted).
[19] Fed. R. Civ. P. 8(a)(2).
[20] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[21] *Papasan v. Allain*, 478 U.S. 265, 286 (1986),
[22] *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted).
[23] *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).
[24] 502 U.S. 21 (1991).

3

state and is therefore barred by the Eleventh Amendment.[25] Accordingly, Plaintiff's § 1983 claim for monetary damages asserted against Defendant in his official capacity is subject to dismissal.

### C. The Injunctive Relief Sought by Plaintiff is Inappropriate

Plaintiff's claims for injunctive relief are also subject to dismissal. For injunctive relief, Plaintiff requests that this Court terminate Defendant.[26] Federal courts ordinarily accord great deference to the internal administrative decisions of prison officials, and to entertain a request such as is presented here would be against precedent and the public's interest, as well as a possible abuse of judicial resources.[27] It is not this Court's role to oversee the termination of officials at the state's prisons. Thus, Plaintiff's claim for injunctive relief should be dismissed.

### D. Plaintiff has Failed to State a Claim with Respect to the Disciplinary Report issued by Defendant

To the extent Plaintiff seeks to state a claim for due process, or the like, as a result of being issued a disciplinary report, such a claim fails. Plaintiff appears to allege that the disciplinary report issued by Defendant is false. However, the law is clear that the issuance of one or more false disciplinary reports, even when the report results in punishment, is not a constitutional violation.[28] Moreover, the procedures governing prison disciplinary proceedings do not implicate any constitutionally protected liberty interest unless the resulting punishment has subjected an inmate to an atypical and significant deprivation (evaluated in the context of prison life).[29] The revocation of phone and canteen privileges does not constitute the sort of atypical and significant

---

[25] *Id.* at 25.
[26] R. Doc. 1, p. 6.
[27] *Ware v. Tanner*, Civil Action No. 12-2250, 2013 WL 5589506 at *10 (E.D. La. Oct. 10, 2013) *citing Royal v. Clark*, 447 F.2d 501, 502 (5th Cir. 1971); *Krist v. Smith,* 439 F.2d 146 (5th Cir.1971); *Haggerty v. Wainwright,* 427 F.2d 1137 (5th Cir.1970).
[28] *See Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984).
[29] *Sandin v. Conner*, 515 U.S. 472, 486 (1995).

4

deprivation that could implicate a constitutionally protected liberty interest.[30] Accordingly, to the extent Plaintiff attempts to make a claim for the issuance of the disciplinary report, such a claim should be dismissed.

### E. Plaintiff has Stated a Claim for Excessive Force, and Defendant is Not Entitled to Qualified Immunity

Force is considered excessive in violation of the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.[31] "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."[32] The Eighth Amendment's prohibition against cruel and unusual punishment, however, necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind."[33] Factors to be considered in determining whether an alleged use of force has been excessive include the extent of injury sustained, if any; the need for the application of force; the relationship between the need for force and the amount of force utilized; the threat reasonably perceived by prison officials; and any efforts made to temper the severity of a forceful response.[34]

Plaintiff alleges that he was in his cell and compliant when Defendant sprayed him with chemical agent.[35] According to Plaintiff's allegations, he was not doing anything that would

---

[30] *Celestine v. Shirley*, Civil Action No. 10-1502, 2011 WL 4443252 at *3 (W.D. La. July 17, 2011) (loss of recreation and phone privileges do not amount to an "atypical" hardship).
[31] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian,* 503 U.S. 1, 7 (1992).
[32] *Wilkins*, 559 U.S. at 38.
[33] *Hudson*, 503 U.S. at 10.
[34] *Id.* at 7.
[35] R. Doc. 1, p. 5.

5

warrant the use of any force.[36] As alleged by Plaintiff, there was no need for any use of force and no threat justifying the use of force. Though Defendant argues that Plaintiff has not alleged an injury resulted from the use of chemical agent on Plaintiff, a reasonable inference is that Plaintiff suffered some pain as a result of being sprayed in the face with a chemical irritant,[37] and pain may in and of itself constitute an injury sufficient to surpass the *de minimus* threshold.[38] Viewing the facts in the light most favorable to Plaintiff—and specifically considering the alleged lack of provocation—Plaintiff has stated a claim for excessive force.[39]

Defendant alleges, however, that he is entitled to qualified immunity. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.[40] Taking the facts as alleged in the light most favorable to the plaintiff, the Court considers whether the defendant's conduct violated the plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time that the violation occurred. Under *Pearson v. Callahan*, courts have discretion to decide which of the two prongs of the analysis to address first.[41] This inquiry is undertaken in light of the specific context of the case, not as a broad, general proposition. To determine whether a

---

[36] R. Doc. 1, p. 5. Though Defendant alleges that Defendant was justified in administering chemical agent, (R. Doc. 9-1, p. 8) this is not apparent from the face of the Complaint and is, in fact, contrary to the allegations of the Complaint. This is not an argument that may be made on a motion to dismiss and is more appropriately brought via a motion for summary judgment.

[37] *See Clay v. Ouber*, 2009 WL 728515 (M.D. La. March 18, 2009) (Considering that the plaintiff must be given the benefit of the inferences to which he is entitled at the pleading stage, an allegation that an inmate was sprayed with a chemical irritant and beaten without provocation was sufficient to state a claim upon which relief could be granted because the Court could reasonably infer that the plaintiff sustained injuries.).

[38] *See Cox v. Columbia Cas. Co.*, Civil Action No. 12-306, 2014 WL 29456 at *7 (M.D. La. Jan. 3, 2014).

[39] *See, e.g.*, *Fennell v. Quintela*, 393 Fed.Appx. 150, 155 (5th Cir. 2010) (inmate stated a claim for excessive force when prison officer grabbed handcuffed inmate's wrist and twisted it, resulting in injury); and *Hudson*, 503 U.S. at 7 (slamming a prisoner into walls was an excessive use of force when the prisoner was handcuffed and did nothing to provoke the officers).

[40] *Huff v. Crites*, 473 Fed.Appx. 398 (5th Cir. 2012).

[41] 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-ponged analysis in a particular order – should not be "regarded as an inflexible requirement").

6

constitutional right was clearly established, The Court must decide whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation he confronted. While ordinarily one who pleads an affirmative defense has the burden to establish his entitlement to that defense, where a defendant pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion, the plaintiff has the burden to rebut the defense by establishing that the defendant's allegedly-wrongful conduct violated clearly established law.[42]  To defeat the qualified immunity defense, a plaintiff's complaint must allege specific facts that, if proved, would show the official's conduct violated clearly established constitutional or statutory rights.  Although a plaintiff can file a detailed reply to address the assertion of the qualified immunity defense, that is only required if the complaint is not sufficiently detailed to create a genuine issue as to the illegality of the defendant's conduct.[43]  If the pleadings on their face show an unreasonable violation of a clearly established constitutional right, the assertion of the qualified immunity defense is insufficient to sustain a Rule 12(b)(6) motion to dismiss.[44]

Defendant does not contest that the Plaintiff had the constitutional right to be free from cruel and unusual punishment but does contest whether Plaintiff has put forth sufficient facts to show that Defendant violated that constitutional right under the circumstances presented.[45] Defendant argues that the use of force was necessary to regain control of the situation.[46] Defendant also argues that his actions were not objectively contrary to clearly established law.[47]  Defendant

---

[42] *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997) (quotations and citations omitted).
[43] *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (*en banc*).
[44] *Shipp v. McMahon*, 234 F.3d 907, 912 (5th Cir. 2000), *overruled in part on other grounds by McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002) (*en banc*).
[45] R. Doc. 9-1, pp. 11-12.
[46] R. Doc. 9-1, p. 11.
[47] R. Doc. 9-1, p. 12.

7

contends that the use of chemical agent on Plaintiff was justified due to his violation of "rules."[48] Based upon Plaintiff's version of events, he had not violated any "rules;" rather, he had followed Defendant's instructions and was not a threat to Defendant.

The law is clear that an unprovoked use of force that results in injury violates the Eighth Amendment.[49] Because the pleadings on their face show an unreasonable violation of a clearly established constitutional right, the qualified immunity defense fails at the stage of the proceeding. Accordingly, Plaintiff's claim for monetary damages against Defendant in his individual capacity for excessive force should remain.

### F. The Court should Decline to Exercise Supplemental Jurisdiction over Plaintiff's Potential State Law Claims

Insofar as Plaintiff seeks to have this Court exercise supplemental jurisdiction over potential state law claims, this Court should decline to do so. A district court is authorized to decline supplemental jurisdiction over such claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[50] Any potential state law claims Plaintiff may have will require a unique analysis that is different from an excessive force claim. Accordingly, it is appropriate to decline to exercise supplemental jurisdiction with respect to any of Plaintiff's potential state law claims.

---

[48] R. Doc. 9-1, p. 12.
[49] *See Fennell*, 393 Fed.Appx. at 155; *Hudson*, 503 U.S. at 7.
[50] 28 U.S.C. § 1367.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that this Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims arising from issuance of the disciplinary report and claims against Defendant, Marcus Jones, for injunctive relief and for monetary damages in Defendant's official capacity be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that this proceeding be referred back to the magistrate judge for further proceedings on Plaintiff's remaining claim, *i.e.*, Plaintiff's claim for monetary damages against Marcus Jones in his individual capacity for the alleged act of excessive force occurring on December 13, 2018.

Signed in Baton Rouge, Louisiana, on July 28, 2020.

 

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**