**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DOMINIQUE L. RIVERS** | : | **CIVIL ACTION** |
| **(DOC #544280)** | : | **NO. 19-372** |
| | | |
| **VERSUS** | : | **JUDGE JOHN W. deGRAVELLES** |
| | | |
| **MAJOR MARCUS JONES** | : | **MAGISTRATE JUDGE** |
| | | **SCOTT D. JOHNSON** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATEMENT OF UNCONTESTED FACTS

1. Plaintiff, Dominique Rivers (DOC #544280) is an inmate sentenced to the custody of the Louisiana Department of Public Safety and Corrections.[1]

2. At all times relevant to this suit, Plaintiff has been housed at Louisiana State Penitentiary at Angola, Louisiana.[2]

3. Plaintiff filed his Complaint on June 7, 2019 pursuant to 42 U.S.C § 1983.[3]

4. The date of incident is December 13, 2018.[4]

5. On December 13, 2018, Plaintiff was bunked at Cellblock D, Lower-Right Tier in Cell #11.[5]

6. Cellblock D is located at the Main Prison of Louisiana State Penitentiary and is one of the cellblocks that comprise the Main Prison Cell Blocks.[6]

7. Cellblock D houses all administrative segregation offenders.[7]

8. Administrative Segregation is a punishment imposed on offenders where they have certain restrictions imposed on them because of receiving a disciplinary report.[8]

---

[1] R. Doc. 1.
[2] R. Doc. 1.
[3] R. Doc. 1.
[4] R. Doc. 1.
[5] December 13, 2018 Cellblock D, Lower-Right Inmate Roster.
[6] Affidavit of Marcus Jones at ¶ 6.
[7] Affidavit of Marcus Jones at ¶ 7.
[8] Affidavit of Marcus Jones at ¶ 8.

9. Marcus Jones was a Captain at the Main Prison Cell Blocks at Louisiana State Penitentiary on the date of incident.[9]

10. Capt. Jones walked down the Cellblock D, Lower Right tier to make an unannounced round.[10]

11. While making his unannounced round, Capt. Jones walked by Plaintiff's cell and Plaintiff attempted spit on Capt. Jones.[11]

12. After Plaintiff attempted to spit on Capt. Jones, Capt. Jones gave Plaintiff several, direct verbal order to approach the cell bars to be restrained.[12]

13. Plaintiff disregarded the Capt. Jones' orders gave, refused to be restrained, cursed at Capt. Jones, and attempted to spit at Capt. Jones again.[13]

14. The Louisiana State Penitentiary Use of Force Policy allows for the administration of chemical agent on an offender to regain control of the institution of part of it.[14]

15. The Louisiana State Penitentiary Use of Force Policy allows for the administration of chemical agent if an offender continuously defies orders to come to the bars of the cell to be restrained.[15]

16. If efforts to control a situation fails, then the supervisor may use the minimum amount of chemical agent necessary to subdue the offender to maintain security and good order of the facility.[16]

---

[9] Affidavit of Marcus Jones at ¶ 3.
[10] December 13, 2018 Cellblock D, Lower-Right Logbook at page 4; Affidavit of Marcus Jones at ¶ 10.
[11] R. Doc. 23 at page 4, RFA #1. Plaintiff did not respond within the time period set forth in FRCP Rule 36(a)(3) and is deemed admitted. Affidavit of Marcus Jones at ¶ 12.
[12] Affidavit of Marcus Jones at ¶ 13.
[13] R. Doc. 23 at page 4, RFA #2. Plaintiff did not respond within the time period set forth in FRCP Rule 36(a)(3) and is deemed admitted. Affidavit of Marcus Jones at ¶ 14.
[14] Louisiana State Penitentiary Directive No. 09.002 – Use of Force Policy at page 9, section C(1)(c).
[15] Louisiana State Penitentiary Directive No. 09.002 – Use of Force Policy at page 9, section C(4)(a).
[16] Louisiana State Penitentiary Directive No. 09.002 – Use of Force Policy at page 10, section C(7).

17. Capt. Jones administered chemical agent on Plaintiff to regain compliance to restrain Plaintiff.[17]

18. Capt. Jones did not administer chemical agent as a means of punishing or inflicting unnecessary pain on Plaintiff.[18]

19. After Capt. Jones administered the chemical agent, Plaintiff began to comply with all orders given.[19]

20. Capt. Jones restrained Plaintiff, placed Plaintiff in the shower, and gave Plaintiff a fresh jumpsuit.[20]

The above facts are believed to be undisputed and therefore present a proper subject for a motion for summary judgment in that there exists no genuine issue of material facts between Plaintiff and Defendant herein. Therefore, Defendant is entitled to summary judgment as a matter of law.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:  */s/ Kendale J. Thompson*
Kendale J. Thompson (37331)
Assistant Attorney General
Louisiana Department of Justice
Litigation Division, Civil Rights Section
1885 North Third Street, Fourth Floor
Post Office Box 94005
Baton Rouge, Louisiana (70804-9005)
Telephone: 225-326-6300
Facsimile: 225-326-6495
E-mail: ThompsonK@ag.louisiana.gov
*Attorney for Defendant*

---

[17] Affidavit of Marcus Jones at ¶ 18.
[18] Affidavit of Marcus Jones at ¶ 16 and 17.
[19] Affidavit of Marcus Jones at ¶ 19.
[20] Affidavit of Marcus Jones at ¶ 19.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 10, 2020, undersigned filed the above-entitled pleading electronically with the Clerk of Court by using the CM/ECF system and a copy of the foregoing was provided to pro se inmate plaintiff via U.S. First Class Mail, to the below name and address:

***Pro Se Plaintiff***
Dominique Rivers (DOC #544280)
Louisiana State Penitentiary
Angola, Louisiana 70712

*/s/Kendale J. Thompson*
Kendale J. Thompson (#37331)
Assistant Attorney General