**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DOMINIQUE LAMAR RIVERS (#544280)** | **CIVIL ACTION NO.** |
| **VERSUS** | **19-372-JWD-SDJ** |
| **MARCUS JONES** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 11, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOMINIQUE LAMAR RIVERS (#544280)     CIVIL ACTION NO.

VERSUS                                19-372-JWD-SDJ

MARCUS JONES

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment filed on behalf of Defendant Marcus Jones.[1]  No timely opposition was filed.  For the following reasons, the undersigned recommends the Motion be granted and this action be dismissed.

**I.    Background**

Dominique Lamar Rivers instituted this action on or about June 7, 2019, against Marcus Jones pursuant to 42 U.S.C. § 1983.[2]  The only claim remaining before the Court at this time is Plaintiff's claim for monetary relief against Jones in his individual capacity for the alleged act of excessive force occurring on December 13, 2018.[3]

**II.   Law & Analysis**

   **a.  Standard of Review**

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, such that the moving party is entitled to judgment as a matter of law.[4]  A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together

---

[1] R. Doc. 26.
[2] R. Doc. 1.
[3] *See* R. Docs. 1, 14, & 15.  This Court previously dismissed Plaintiff's claims for injunctive relief, for monetary damages against Jones in his official capacity, and claims arising from the issuance of the disciplinary report.
[4] Rule 56, Federal Rules of Civil Procedure.  *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

with affidavits, if any, that show that there is no such genuine issue of material fact.[5] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[6] Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[7] In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party and may not evaluate the credibility of witnesses, weigh the evidence, or resolve material factual disputes.[8]

### b. Summary Judgment Evidence Establishes that Excessive Force Was Not Used on Plaintiff

Defendant has asserted he is entitled to qualified immunity.[9] The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.[10] Viewing the facts in the light most favorable to the plaintiff, the court considers whether the defendant's conduct violated the plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time the violation occurred. Courts have discretion to decide which of the two prongs of the analysis to address first.[11] This inquiry is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was

---

[5] *Celotex Corp.*, 477 U.S. at 323.
[6] *Anderson*, 477 U.S. at 248.
[7] *Celotex Corp.*, 477 U.S. at 323.
[8] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[9] R. Doc. 76-1, pp. 10-16
[10] *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012).
[11] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-ponged analysis in a particular order – should not be "regarded as an inflexible requirement").

2

clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation he confronted. The assertion of the qualified immunity defense alters the summary judgment burden of proof.[12] Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct."[13]

Corrections officers are faced with myriad situations where they must exercise discretion, including situations where they must choose whether to exercise force against a prisoner. When force is used, a corrections officer must also exercise discretion to determine the appropriate amount of force.[14]

Force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the purpose of causing harm rather than in a good faith effort to maintain or restore discipline.[15] "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."[16] The Eighth Amendment's prohibition against cruel and unusual punishment, however, necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not "repugnant to the conscience of mankind."[17] Factors to be considered in determining whether an alleged use of force is excessive include the extent of injury sustained, if any; the need for the application of force; the relationship between

---

[12] *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).
[13] *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), (citing *Michalik v. Hermann*, 422 F.3d at 262).
[14] *See, e.g., Henry v. North Texas State Hospital*, Civ. Action No. 12-cv-198, at *3, 2013 WL 3870292 (N.D. Tex. July 9, 2013) ("Qualified immunity is available to public officials such as prison guards and state hospital employees who must exercise discretion.")
[15] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), (quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992)).
[16] *Wilkins*, 559 U.S. at 38.
[17] *Hudson*, 503 U.S. at 10.

3

the need for force and the amount of force utilized; the threat reasonably perceived by prison officials; and any efforts made to temper the severity of a forceful response.[18]

Though Defendant heavily relies upon *McCoy v. Alamu*,[19] the undersigned has not considered that case in making the determination herein because, after submission of Defendant's brief, *McCoy* was reversed by the United States Supreme Court. Nevertheless, as discussed below, the Court finds that Defendant has produced sufficient evidence to indicate that Plaintiff's constitutional rights were not violated. Further, Plaintiff has failed to come forward with evidence sufficient to demonstrate that there are genuine issues of material fact that exist regarding the reasonableness of the use of force utilized on December 13, 2018. Thus, though Plaintiff's allegations on their face state a claim for excessive force, as previously noted by this Court,[20] plaintiff may not rest on "mere allegations contained in the pleadings to demonstrate a genuine issue of material fact."[21] "Even pro se litigants may not oppose summary judgment motions with unsworn materials."[22] Here, Plaintiff has failed to submit any competent summary judgment evidence to refute the evidence submitted by Defendant and has failed to even submit an opposition to the motion.

Interpreting the evidence before the Court in the light most favorable to Plaintiff,[23] the undisputed facts demonstrate that Defendant is entitled to summary judgment based upon application of the *Hudson* factors.[24] Specifically, regarding the need for application of force, Defendant has produced evidence that while Defendant was making rounds, Plaintiff attempted to

---

[18] *Id.* at 7.
[19] 950 F.3d 226 (5th Cir. 2020).
[20] R. Docs. 14 & 15.
[21] *Frazier v. Keith*, 707 Fed. Appx. 823, 825 (5th Cir. 2018).
[22] *Turner v. Baird*, 707 Fed. Appx. 290, 291 (5th Cir. 2017) (citing *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980).
[23] *Brown v. Callahan*, 623 F.3d 249 (5th Cir. 2010) (the court should look at the evidence in the light most favorable to the plaintiff with all inferences drawn in his favor).
[24] *Hudson*, 503 U.S. at 10.

4

spit on Defendant, refused to comply with direct orders to approach the cell bars to be restrained, cursed at Defendant, and attempted to spit at Defendant again.[25] Regarding the relationship between the need for force and amount of force utilized, evidence indicates that the minimum amount of chemical agent was utilized to regain control of the situation and was not administered as a means of punishment or inflicting pain.[26] Rather, the sole reason for administering chemical agent was to regain control, since Plaintiff refused to comply with direct verbal orders, which were given prior to the use of force, indicating an effort to temper the severity of a forceful response.[27] After the minimal amount of chemical agent was administered, Plaintiff complied with orders and was restrained.[28] Further, there is no competent summary judgment evidence indicating that Plaintiff sustained any injury.[29] Finally, though there may have been no immediate physical threat presented to Defendant, it is recognized that an inmate's noncompliance with direct verbal orders, such as occurred in this case, is also a relevant threat to be considered due to the disturbance this may cause in an institutional setting.[30] Thus, application of the *Hudson* factors to the evidence presented compels a finding that summary judgment is warranted because, based upon that evidence, force was not applied maliciously and sadistically to cause harm; rather, force was used in a good-faith effort to restore discipline.[31]

---

[25] R. Doc. 26-5, pp. 2-3.
[26] R. Doc. 26-5, p. 3.
[27] R. Docs. 26-5 & 26-10, pp. 9-11.
[28] R. Doc. 26-5, pp. 3-4.
[29] R. Doc. 26-5, pp. 3-4.
[30] Though, based on the evidence, Plaintiff's actions did not pose an immediate threat, "that is not the only type of threat which must be considered." *See Jackson v. Cleveland*, No. 20-2247, 2021 WL 1269587, at *8 (E.D. La. March 8, 2021) (though disobedience may not pose an immediate physical threat, "if ignored without consequence, [it] can obviously embolden other prisoners to misbehave, thereby disrupting prison order and security."). *See also Martin v. Seal*, No. 11-726, 2014 WL 2890125, at *6 (E.D. La. June 25, 2014).
[31] *Hudson*, 503 U.S. at 10. *See also Lara-Haynes v. Garcia*, No. 19-56, 2021WL 295841, at *6-7 (N.D. Tex. Jan. 6, 2021) (three strikes with a closed fist when the plaintiff was in the process of assaulting the defendant by spitting on him and lunging towards him was not excessive).

5

Moreover, courts have long recognized that great deference is due to prison officials who are dealing with potentially dangerous situations, and "prison officials often must make their decisions 'in haste, under pressure, and frequently without the luxury of a second chance.'"[32] Because the summary judgment evidence demonstrates that the Defendant's conduct did not violate Plaintiff's constitutional rights, Defendant is entitled to summary judgment, and Plaintiff's claims should be dismissed with prejudice.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Motion for Summary Judgment[33] filed on behalf of Marcus Jones be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on May 11, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[32] *Lawrence v. Knighten*, 30 F.3d 1490, *2 (5th Cir. 1994) (citing *Whitley v. Albers*, 475 U.S. 312, 320 (1986).
[33] R. Doc. 26.